UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENNAN P. PENROSE,

    Petitioner,

v.

STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS,

    Respondent.

CASE NO. 3:19-cv-06083-BHS-JRC

ORDER

Before the Court are three motions filed by petitioner: petitioner's motion to appoint counsel (Dkt. 13) and two motions for a judicial order (Dkts. 14, 22). The Court denies all three motions (Dkts. 13, 14, 22). Petitioner has failed to demonstrate that exceptional circumstances warrant the appointment of counsel at this time and the documents petitioner seeks to obtain may be included in the state court record filed by respondent.

**A. Motion to Appoint Counsel (Dkt. 13)**

Petitioner moves for the appointment of counsel. Dkt. 13. However, there is no constitutional right to appointment of counsel in habeas petitions because they are civil, not

criminal, in nature. *See Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir. 1990). And although the Court must appoint counsel if an evidentiary hearing is warranted, Rule 8(c) of the Rules Governing Section 2254 Cases, petitioner has not established good cause for such a hearing in this case.

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

Here, petitioner alleges his incarceration limits his ability to litigate this matter. Dkt. 13. However, petitioner has failed to establish that exceptional circumstances warrant the appointment of counsel at this time. Moreover, petitioner does not demonstrate that he is likely to succeed on the merits of his habeas petitions. Likewise, petitioner has made numerous arguments to the Court that suggest he is able to articulate his claims *pro se*. *See* Dkt. 12. Accordingly, petitioner's motion to appoint counsel (Dkt. 13) is denied without prejudice.

**B. Motions for Judicial Order (Dkts. 14, 22)**

Petitioner requests the Court enter a judicial ruling ordering the Department of Corrections ("DOC") provide and send materials necessary for his habeas petition including "violation documents/confinement orders," petitioner's central file, and rulings related to petitioner's sentences. Dkts. 14, 22. Petitioner alleges he is being denied access to his documents, and he previously requested the documents through public disclosure. *Id.*

| | |
|---|---|
| 1 | The basis for petitioner's motion is not entirely clear, but it appears the documents |
| 2 | petitioner seeks to obtain may be included in the state court record filed by respondent. Pursuant to |
| 3 | Rule 5 of the Rules Governing Section 2254 and 2255 Cases, respondent must attach to the answer |
| 4 | including, parts of the transcript respondent considers relevant, including any brief submitted by |
| 5 | petitioner or the prosecution in an appellate court contesting the conviction or sentence, and |
| 6 | opinions and dispositive orders of the appellate court relating to the conviction or sentence. The |
| 7 | time for respondent to file his answer has not yet passed. *See* Dkt. 16. Therefore, the Court denies |
| 8 | petitioner's motions for judicial order (Dkts. 14, 22) as premature without prejudice. If petitioner |
| 9 | seeks additional documents related to his sentence after the answer and state court record have been |
| 10 | filed by respondent, he may renew his motion at that time. |

Dated this 3rd day of February, 2020.

J. Richard Creatura
United States Magistrate Judge