1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

BRENNAN P. PENROSE,

11

Petitioner,

CASE NO. 3:19-cv-06083-BHS-JRC

12

v.

REPORT AND
RECOMMENDATION

13

DONALD HOLBROOK,

NOTED FOR: MAY 8, 2020

14

Respondent.

15
16      The District Court has referred this petition for a writ of habeas corpus to United States

17 Magistrate Judge J. Richard Creatura. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

18      The Court concludes that the petition is untimely as it was filed more than one year after

19 the state court judgment became final. Petitioner's untimely personal restraint petitions do not

20 toll the already expired statute of limitations. There are no extraordinary circumstances in this

21 case requiring the application of equitable tolling principles. Therefore, the petition is barred by

22 the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with

23 prejudice.

24

## I.    Background

Petitioner is in custody under three state court judgments: (1) 2013 conviction - possession of methamphetamine with intent to manufacture or deliver; (2) 2014 conviction - of possession of a controlled substance (methamphetamine); and (3) 2018 conviction - violation of a court order. Dkt. 28, Exhibit 1, Judgment and Sentence, Kitsap County Cause No. 13-1-01308-6; Exhibit 2, Judgment and Sentence, Kitsap County Cause No. 14-1-00265-1; Exhibit 3, Judgment and Sentence, Kitsap County Cause No. 18-1-00387-18 (Petitioner's 2013 and 2014 sentences ran consecutive to a sentence previously imposed in 2012).

Petitioner did not appeal the 2013 and 2014 sentences. *See* Dkt. 28. In October 2017 and May 2018, petitioner filed post-conviction motions in the Kitsap County superior court, challenging the 2013 and 2014 convictions. Dkt. 28, Exhibit 5, 6, 7. The matters were transferred the matter to the Washington Court of Appeals for consideration as a personal restraint petitions ("PRPs"). Dkt. 28, Exhibit 8.

The Washington Court of Appeals accepted the transfer and assigned two separate PRPs. Dkt. 28, Exhibit 9, 10. In October 2018, petitioner filed another PRP directly in the Washington Court of Appeals challenging his 2014 sentence, which was consolidated with the transferred PRP challenging the 2014 sentence. Dkt. 28, Exhibit 11, 12, 14. The Washington Court of Appeals subsequently dismissed the PRPs, finding that the petitions were untimely under Washington's time bar statute, RCW 10.73.090. Dkt. 28, Exhibit 13, 14. Petitioner did not seek review by the Washington Supreme Court, and the Washington Court of Appeals issued certificates of finality. Dkt. 28, Exhibit 15, Exhibit 16.

In 2018, petitioner filed his first federal petition while his PRPs were pending in state court. Dkt. 28, Exhibit 17. Petitioner's first federal petition was dismissed without prejudice

REPORT AND RECOMMENDATION - 2

1    because petitioner had not yet exhausted his available remedies in state court. Dkt. 28, Exhibits

2    18, 19.

3            Petitioner filed this petition on November 11, 2019. Dkt. 12 at 15. *See Patterson v.*

4    *Stewart*, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001) (Under the prison "mailbox rule," a petition is

5    deemed filed for purposes of the statute of limitations for the Antiterrorism and Effective Death

6    Penalty Act ("AEDPA") the moment it is delivered to prison authorities for forwarding to the

7    clerk of the district court.). Petitioner challenges his custody under the 2013 and 2014 judgments

8    and sentences, not the 2018 judgment and sentence. Dkt. 12 at 1.

9            Petitioner raises four grounds for relief: (1) violation of due process; (2) violation of

10   Washington state law RCW 9.94B.050; (3) violation of double jeopardy; and (4) violation of

11   physical sentence based on collateral attacks on judgment. Dkt. 12 at 5-10. On February 25,

12   2020, respondent filed an answer, wherein he asserts that the petition was filed after the

13   limitations period expired. Dkt. 27. Respondent maintains that the petition is therefore time-

14   barred and should be dismissed with prejudice. *Id*. In the alternative, respondent argues that the

15   petition is unexhausted and procedurally barred. *Id*. Petitioner did not file a traverse.

16   **II.     Discussion**

17       *A.  Statute of Limitations*

18           Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is

19   codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas

20   petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of

21   "the date on which the [state court] judgment [of conviction] became final by the conclusion of

22   direct review or the expiration of the time for seeking such review." If during the limitations

23   period a "properly filed application for state post-conviction or other collateral review . . . is

24

pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

If a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, notice of appeal must be filed in the trial court 30 days after the entry of the decision of the trial court. Wash. RAP 5.2(a). Thus, if a petitioner does not file a direct appeal, the state court judgment becomes final at the end of the thirty-day period. *See id*; 28 U.S.C. § 2244(d)(1)(A).

Here, petitioner challenges his 2013 and 2014 judgments and sentences. Dkt. 12 at 1. These sentences were filed by the clerk on March 13, 2014. Dkt. 28, Exhibit 1, 2. Petitioner did not file an appeal, and the 2013 and 2014 judgments and sentences became final on April 14, 2014, the date the time for filing a direct appeal expired. *See* Wash. RAP 5.2(a) (April 13, 2014 fell on a weekend, April 14, 2014 was the next court day.). The AEDPA limitations period began running on April 15, 2014. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (AEDPA limitations period begins to run the day after the conviction is final).  The one-year statute of limitations expired one year later on April 15, 2015. Petitioner did not file the petition until November 2019 – long after the limitations period expired. *See* Dkt. 12.

A.  *Statutory Tolling*

The AEDPA limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). Here, petitioner's PRPs do not toll the limitations period because they were filed in 2017 and 2018 – after the AEDPA limitations period expired in 2015 – and were dismissed as untimely. Dkt. 28, Exhibits 5, 6, 7, 11, 12, 13, 14. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d)

1    does not permit the reinitiation of the limitations period that has ended before the state petition

2    was filed"); *Brown v. Curry*, 451 Fed.Appx. 693 (9th Cir. 2011) (finding the petitioner's state

3    habeas petitions, which were filed after the expiration of the statute of limitations and denied as

4    untimely, did not toll the statute).

5              *B.  Equitable Tolling*

6              The AEDPA limitations is also subject to equitable tolling where the petitioner pursued his

7    rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*,

8    560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner

9    at the very least must show the extraordinary circumstances "were the but-for and proximate

10   cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

11             Petitioner argues that the AEDPA limitations period should have started running on April

12   20, 2017 -- the date that he alleges his consecutive sentences were imposed. Dkt. 12 at 14-15.

13   However, petitioner's understanding of the legal significance of being sentenced to consecutive

14   terms has no bearing on attacking the original trial court sentence and does not toll the AEDPA

15   limitations period. *Hasan v. Galaza,* 254 F.3d 1150, 1154 n.3 (2001) (noting that under the

16   AEDPA the clock begins when the prisoner knows the important facts, not when he recognizes

17   their legal significance) (citing *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins

18   when the prisoner knows (or through diligence could discover) the important facts, not when the

19   prisoner recognizes their legal significance.")). Petitioner does not provide any evidence showing

20   that he was precluded from challenging his convictions in a timely manner. The AEDPA

21   limitations period provided petitioner with a reasonable opportunity to have his claims heard on

22   the merits. His decision not to avail himself of such an opportunity does not demonstrate the one-

23

24

1    year limitation period does not apply to him. Petitioner fails to demonstrate that any

2    extraordinary circumstance prevented him from filing a timely habeas petition.

3        Therefore, petitioner fails to show that he is entitled to statutory or equitable tolling, and

4    the petition is barred by the AEDPA limitations period.

5        C.  *Exhaustion*

6        Respondent also argues that the petition is not properly exhausted and procedurally barred.

7    Dkt. 27. However, because the Court concludes that the petition is untimely, the Court declines

8    to consider respondent's alternative ground for denying habeas corpus relief.

9    **III.    Evidentiary Hearing**

10        The decision to hold an evidentiary hearing is committed to the Court's discretion.

11   *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

12   hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

13   entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

14   available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

15   state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

16   entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

17   record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

18   court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to

19   hold an evidentiary hearing in this case because, as discussed in this report and recommendation,

20   the petition may be resolved on the existing state court record.

21

22

23

24

**IV.    Certificate of Appealability**

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

**V.    Conclusion**

The Court concludes that the petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 8, 2020 as noted in the caption.

Dated this 17th day of April, 2020.

J. Richard Creatura
United States Magistrate Judge